UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DONALD MULLER | CIVIL ACTION |
| VERSUS | NO. 06-5918 |
| OCEANEERING INTERNATIONAL L.L.C. and ISAAC TRUHILL | SECTION "N" (4) |

## **ORDER AND REASONS**

Before the Court is a Motion to Remand filed herein by Plaintiff, Donald Muller. The motion is opposed by Defendant, Oceaneering International, Inc. ("Oceaneering"),[1] which removed this matter from the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, to federal court.

## **FACTS**

Muller filed a Petition in state court, claiming he was the owner of a watercraft referred to as "Houseboat Paesan" located at Cypress Cove Marina in Venice, Louisiana. Muller further contends that the Houseboat Paesan was crushed and/or submerged when a neighboring vessel,

---

[1] Oceaneering International L.L.C. was the named defendant; Oceaneering International, Inc. removed this matter and opposes remand. Hereafter, this defendant shall be referred to as "Oceaneering."

1

Houseboat Daybreak, broke from its moorings during Hurricane Katrina on August 29, 2005. With regard to the named defendants, Muller contends, in ¶ 7 of his Petition, as follows:

7.

That the damage to the Houseboat Paesan was caused by the negligence of the owners of the Houseboat Daybreak and Isaac Truehill [sic], who was in charge of maintaining the Houseboat Daybreak in, but not limited to, the following respects, to-wit:

1. Failing to properly moor the Houseboat Daybreak.
2. Failure to properly secure the Houseboat Daybreak by use of the spuds that were aboard the vessel.
3. Failing to properly secure the Houseboat Daybreak from movement during the storm by use of cables, chains and appropriate ropes.
4. Allowing the Houseboat Daybreak to move from its moorings onto the Paesan which was located and moored securely next to the Houseboat Daybreak.
5. Failing to maintain proper equipment aboard the Houseboat Daybreak, which would allow it to be properly secured and spudded down during the hurricane.
6. Failing to properly prepare the Houseboat Daybreak from breaking its moorings during the hurricane.
7. Using inappropriate mooring lines to secure the Houseboat Daybreak during the storm.
8. Failing to properly secure and rig the spud system on the Houseboat Daybreak to anchor it during the storm.
9. Any and all other acts of negligence which may be pleaded hereinafter or proved at the trial of this case on the merits.

Alleging that the Houseboat Paesan was a total loss, Muller seeks damages caused by the above described acts of negligence.

Suit was filed on August 4, 2006, and removed on or about September 13, 2006. The respective memoranda filed in connection with the Motion to Remand establish that Defendant Isaac Truhill ("Truhill") was undisputedly not only a Louisiana resident, but also an employee of

Oceaneering at all relevant times, and was chargeable, as part of his job responsibilities, with properly securing the Houseboat Daybreak at Cypress Cove Marina. Oceaneering contends that no reasonable basis exists for predicting a separate recovery by Plaintiff against Truhill, as he is a corporate employee who bears no individual liability for an alleged tort unless such employee breaches an independent, personal duty to Muller. Thus, disregarding Truhill as a defendant, Oceaneering contends that federal jurisdiction exists pursuant to 28 U.S.C. § 1332.

## LAW AND ANALYSIS

### A.   Diversity Jurisdiction

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332, the district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of interests and costs, and that are between citizens of different states. The Supreme Court has required that parties have complete diversity in order for diversity jurisdiction arising under 28 U.S.C. § 1332 to be invoked. *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed. 437 (1996). Complete diversity exists when all persons on one side of the controversy are citizens of different states than the persons on the opposing side. *See Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir.1968); *Carden v. Arkoma Assoc.*, 494 U.S. 185, 187, 110 S.Ct. 1015, 1016-1017, 108 L.Ed.2d 157 (1990) (diversity jurisdiction is complete only if there is no plaintiff and no defendant who are citizens of the same state).

The Court has reviewed the state court Petition to discern the nature of the allegations against Truhill herein. In fact, no allegations are made against Truhill other than those that are made against both defendants, "jointly, severally and in solido." (See Petition, prayer for relief) Nothing, in either ¶¶ 7 or 8 of the Petition, suggests that Truhill exceeded or acted outside of the scope of his employment with Oceaneering, or in any way undertook a separate duty to Muller over and above his responsibilities to Oceaneering. Each of the alleged errors/omissions allegedly committed by Truhill in ¶ 7 of the Petition relate to his responsibilities as a corporate employee of Oceaneering, the commission of which might well have been the cause for the unmooring of the Houseboat Daybreak. Muller's true claim for damages arises not directly from any negligent acts on the part of Truhill other than those he may have committed in the course and scope of his employment with Oceaneering; and Oceaneering, as the owner of the Houseboat Daybreak, bears responsibility for damages caused by the alleged negligence of Oceaneering (through its agents) to secure the vessel and prevent it from colliding or damaging other vessels.

Accordingly, as this Court has no reasonable basis to predict a separate recovery under state law against Truhill other than that to which Plaintiff would be entitled against Oceaneering based upon the allegations of the Petition, the Court finds that Defendant Truhill was improperly joined as a defendant in this action, and thus can be disregarded for jurisdictional purposes. Finding there to be complete diversity between Plaintiff Muller and Defendant Oceaneering, this Court finds federal jurisdiction exists pursuant to 28 U.S.C. § 1332.

## CONCLUSION

For the above stated reasons, the Motion to Remand filed herein by Plaintiff is **DENIED**.

New Orleans, Louisiana, this  20th  day of April, 2007.

**KURT D. ENGELHARDT**
**United States District Judge**